UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

**CIVIL ACTION NO. 13-76-DLB**

**FRANK JAMES WELCH, JR.**                                          **PETITIONER**

vs.                  **MEMORANDUM OPINION AND ORDER**

**WARDEN J.C. HOLLAND**                                             **RESPONDENT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Frank James Welch, Jr. is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Welch has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1).

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Welch's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On July 21, 1995, Welch was indicted by a federal grand jury sitting in the Southern District of Alabama of conspiracy to tamper with, alter, remove, or obliterate the vehicle identification number of a vehicle in violation of 18 U.S.C. § 13-5200; carjacking in violation of 18 U.S.C. § 2119; use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924©; and being a felon in possession of a firearm and use of that firearm during the commission of a crime of violence in violation of 18 U.S.C. § 922(g). Following entry of a guilty plea, on January 17, 1996, the trial court sentenced Welch to a cumulative term of 360 months on the first three counts and a concurrent term of life imprisonment without possibility of parole on the fourth count. The Eleventh Circuit affirmed on direct appeal, and the trial court denied Welch's motion for relief filed pursuant to 28 U.S.C. § 2255. *United States v. Welch*, No. 1: 95-cr-142-RV-C-2 (S.D. Ala. 1995).

In his petition, Welch contends that he is actually innocent of violating 18 U.S.C. §§ 2119(2), (3), because the indictment and jury instructions did not allege or require the jury to find serious bodily injury or death as an element of the offense,[1] which he contends is contrary to *Jones v. United States*, 526 U.S. 227 (1999). (Doc. #1-1 at 3, 11, 14-15).

Welch may not assert this claim in a habeas proceeding under section 2241. Section 2241 is limited to challenges to decisions made by prison officials which affect the manner in which a prisoner's sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.

---

[1] Welch has provided the first page of his indictment as an attachment to his petition, which appears to refute at least one factual premise central to his claim: Count One of the indictment charges Welch with conspiracy "to take, with the intent to cause death or serious bodily harm, a motor vehicle ..." (Doc. #1-2, p. 1). Nonetheless, for purposes of this initial screening the Court will accept as true Welch's allegation that this element was not charged as an element of the offense in the substantive carjacking count and was not found by the jury beyond a reasonable doubt.

1999).  If a federal prisoner wishes to challenge the legality of his conviction or sentence he must file a post-conviction motion under 28 U.S.C. § 2255 with the trial court.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, but only where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.  The only circumstance where a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition).  This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

The Supreme Court's decision in *Jones* interpreted § 2119's three subsections as establishing three different offenses, each requiring proof of distinct elements, which must therefore be proven to a jury, rather than merely stating circumstances to be considered by a judge as sentencing factors.  *Jones*, 526 U.S. at 232-240.  The Supreme Court later reiterated that, unlike *Apprendi v. New Jersey*, 530 U.S. 466 (2000), its decision in *Jones* was purely one of statutory interpretation.  *Ring v. Arizona*, 536 U.S. 584, 600-02 (2002).

*Jones* therefore satisfies two of the requirements for the availability of a remedy under § 2241: it is a Supreme Court decision rendered after Welch's conviction became final, and was one involving the proper statutory interpretation of the statute of conviction.

However, nothing about the *Jones* decision rendered Welch's conduct - carjacking involving serious bodily injury or death - noncriminal. Rather, it merely changed the decision maker from the judge to jury, and the burden of proof from a preponderance of the evidence to beyond a reasonable doubt. *Jones*, 526 U.S. at 232. Like *Apprendi*, the change in the law effected by *Jones* did not render Welch "actually innocent" of carjacking involving serious bodily injury or death. *Vieux v. Williamson*, 250 F. App'x 519, 521-22 (3d Cir. 2007) (holding that challenge to §2119(2) conviction under *Jones* is not cognizable in habeas proceeding under § 2241); *Jones v. Pugh*, 43 F. App'x 217 (10th Cir. 2002) (same); *see also Stevens v. Hastings*, No. CV212-188, 2013 WL 2659879, at *1 (S.D. Ga. June 5, 2013). Thus, while *Jones* was a case of statutory interpretation unlike *Apprendi*, neither case provides a gateway through § 2255(e)'s safety valve. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Accordingly,

**IT IS ORDERED** as follows:

1. Welch's petition for a writ of habeas corpus (Doc. #1) is **DENIED**;
2. The Court will enter a Judgment contemporaneously with this order;
3. This matter is **STRICKEN** from the Court's active docket.

This 17th day of October, 2013.



Signed By:
David L. Bunning
United States District Judge